HARRY E. BISCHOFF, PROSECUTOR, v. CHARLES EDISON, GOVERNOR, DEFENDANT.

HARRY E. BISCHOFF, PROSECUTOR, v. THE HUDSON COUNTY BOARD OF TAXATION AND JOSEPH P. McLEAN, SECRETARY OF SAID BOARD, DEFENDANTS.

Argued May 22, 1942—Decided May 26, 1942.

For the prosecutor, *J. Emil Walscheid.*

For the Governor, appearing specially, *Theodore J. Labrecque.*

For City Affairs Committee of Jersey City, *John Warren.*

PORTER, J. (At chambers.) These applications are for writs of *certiorari.* The purpose is to attack the constitutionality of the statute, *R. S.* 54:3-28, which gives the right to the Governor to dismiss from office any member of a County Board of Taxation who may be found by him, after proper hearing, to be guilty of willfully and intentionally failing, neglecting or refusing to comply with the Constitution and laws relating to the duties of his office. Written charges have been preferred by The City Affairs Committee of Jersey City to the Governor against the members of the Hudson County Board of Taxation charging them with various offenses under the provisions of the said statute.

It appears that in pursuance of said statute the Governor has summoned the members of the Hudson County Board of Taxation to appear before him on June 1st, 1942, for a hearing on said charges. It is the contention of the prosecutor that the statute in question in effect confers on the Governor jurisdiction to try members of County Boards of Taxation for misdemeanor, as misdemeanors are defined in *R. S.* 2 :103-1, and that the legislature is without power to do so because to try a person for the commission of a misdemeanor is a judicial and not an executive function under the Constitution.

It is urged that these officers are civil officers under the state and as such are liable to impeachment only for misdemeanors in office under article 6, paragraph 1 and article 5, paragraph 11 of the Constitution. These, and other reasons, are advanced for the issuance of the writs to the end that the legality of the proceedings may be judicially inquired into. Several cases in this state are cited in support of and against the argument. They need not now be discussed, except to observe that the decisions are not all in accord and that the questions raised are important, far reaching and not without difficulty.

However that may be, I believe that *certiorari* is seldom issued except to review the actions of inferior tribunals. The Chief Executive occupies a branch of the state government, co-ordinate and equal to that of this court, and it seems to me unwise and unnecessary to issue any writ at this stage of the proceedings.

The applications are denied, but without costs.